Milligan, J.,
delivered the opinion of the Court.
This is an action of replevin, brought in the Circuit Court of Bedford, by the defendant in error, for the recovery of certain slaves, goods, wares, and merchandise, which, it is alleged, were wrongfully in the possession of the plaintiff in error.
The facts necessary to he -noticed, are-as follows: Vance, the plaintiff in error, was the Deputy Sheriff of Bedford County; and, as such, on the 21st of November, 1860, levied a judicial attachment on the property in controversy, which, at the instance of W. S. Eakin & Co., had issued from the Circuit Court of said County, at its August Term, 1860, against Jos. W. Stephens and Alonzo Murphy. Stephens, who appears *499 to Rave Been the owner of the property attached on the 19th of November, 1860, transferred, and, by deed, conveyed, in trust, the same property, to Cooper, the defendant in error, to secure the payment of certain debts therein mentioned and described. This deed was duly acknowledged, and noted for registration on the Register’s books, at ten minutes past eight o’clock, in the morning of the same day of its execution, and directly thereafter, on that day, registered.
It appears, from the proof,. that Stephens, at tbe time he executed the conveyance in trust, had knowledge of the issuance of the attachment, and acted with reference to it.
Under this state of facts, the Circuit Judge charged the jury: “If the attachment had set out the property specifically to be attached, then I would say, the defendant had the superior title; but as it does not so set out the property, and the trust deed was executed and registered before the' levy, I am of the opinion, the title acquired by the trust deed, is superior to that acquired by virtue of the levy.”
The ground upon which the Circuit Judge rested his instructions to the jury, appears to have been predicated upon the language of the attachment. If it had been more specific in its description of property to be seized, he would have rulecj. the law otherwise. The attachment, in the usual form, issued “against the goods and chattels, lands and tenements of the defendant;” and we are unable to perceive how the language of the writ can make so great a difference in its effect. The former rule of construction applied to *500 our attachment laws, under the persistent legislation of the State, has been changed from one of strictness to great liberality. The remedy by attachment, this Court, said, in the case of Runyan vs. Morgan, appears to be a favorite with the Legislature, and it is the duty of the Courts to give their language its full force and effect. All that is required by the Code, sec. .3473, is, that the writ be directed against the “estate of the defendant.” No particular form of words is necessary, and it need not, to make it valid, describe with more particularity, the property to be seized; and the operation and effect of the writ is the sainé, whether it specifically sets out the property to be attached, or issues, under the Statute, broadly against the estate of the defendant. The object of the Legislature was to prevent the debtor from evading the attachment after its issuance, and before levy, by sales or transfers of his estate, and we do not feel justified in defeating the policy and wisdom of the law, by refining on the language of the writ. No other fair and' liberal construction can be given to section 3507 of the Code, which declares: “Any transfer, sale, or assignment, made after the filing of an attachment bill in Chancery, or after the suing out an attachment at law, of property mentioned in the bill or attachment, as against the plaintiff, shall be inoperative and void.”
This Court, in the case of Burnaugh el al. vs. Brooks et al., 3 Head, 392, has given a similar construction to the Act of 1835, ch. 43, and the provisions of the 9th section of that Act, are carried, *501 with an enlargement of language, into the Code; and we feel, therefore, fully justified, under the liberal construction we are bound to give the attachment laws, in holding that the Circuit Judge.erred in his instructions to the jury.
The judgment will be reversed, and a. new trial awarded.